IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JASON PUGH, ) | |
| AIS # 00212315, ) | |
|    Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:22-00322-KD-N |
| ) | |
| WARDEN CYNTHIA McCOVERY, ) | |
|    Respondent. ) | |

## ORDER

Petitioner Jason Pugh, who is currently an inmate at the Alabama Department of Corrections's Bibb Correctional Facility in Brent, Alabama, and is proceeding without counsel (*pro se*), has filed a petition for a writ of habeas corpus dated September 13, 2022 (Doc. 5), in response to the Court's prior order directing the Clerk of Court to send his opening pleading (Doc. 1) to the Circuit Court of Escambia County, Alabama, but advising: "If Pugh did intend to file his original document with the United States District Court for the Southern District of Alabama seeking federal habeas corpus relief, then he is directed to fill out the appropriate form petition sent to him … and either pay the statutory $5.00 filing fee or file a motion for leave to proceed in forma pauperis." (Doc. 3 (emphasis omitted)). Pugh has also filed a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP), under 28 U.S.C. § 1915. (Doc. 4). The assigned District Judge has referred the petition and IFP motion to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (9/20/2022 electronic reference notations). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned

is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.

Upon due consideration of the petition and attached exhibits,[1] the undersigned construes the present habeas petition (Doc. 5) as being brought under 28 U.S.C. § 2254 and challenging Pugh's 2014 conviction and sentence for arson handed down by the Circuit Court of Escambia County, Alabama, in Criminal Case Nos. 12-577 & 12-578, as well as a 2020 probation revocation in those cases based on Pugh having committed a new criminal offense of making terroristic threats (which appears to be the subject of Escambia County Circuit Court Criminal Case No. 21-83, and which is still pending).[2] And upon due consideration of Pugh's IFP motion (Doc. 4), the undersigned finds that requiring Pugh to pay the $5 filing fee for this habeas action[3] up front will not cause him undue hardship.[4] The prison

---

[1] The undersigned is mindful of "the rule that courts should construe a habeas petition filed pro se more liberally than one drawn up by an attorney." *Gunn v. Newsome*, 881 F.2d 949, 961 (11th Cir. 1989) (en banc).

[2] Because Pugh challenges criminal judgments handed down by a state court within this judicial district, *see* 28 U.S.C. § 81(c), this Court has jurisdiction to entertain his § 2254 habeas petition. *See* 28 U.S.C. § 2241(d).

[3] *See* 28 U.S.C. § 1914(a)

[4]
> When considering a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court ... is whether the statements in the affidavit satisfy the requirement of poverty." *Watson v. Ault,* 525 F.2d 886,

account statement attached to the motion indicates that Pugh receives regular and substantial deposits into his prisoner account (*see* Doc. 4, PageID.14), and a sales receipt Pugh submitted dated September 7, 2022, indicates that, after spending $26.98 on coffee and tobacco products at the prison canteen, Pugh still had $29.27 in his prison account (*see* Doc. 4-1). Moreover, in a letter attached to the IFP motion, Pugh admits he has "no problem paying the $5 filing fee[,]" but states he "don't know exactly how to address the payment to you" and doesn't trust the prison business office. (*Id.*).

Upon consideration, Pugh is **ORDERED** to, no later than **DECEMBER 12, 2022**, pay the filing fee for this action by **REMITTING** to the Clerk of Court a money order for **$5.00** made payable to "Clerk, U.S. District Court for the Southern District of Alabama," and referencing this case number. The failure to comply with this order will result in entry of a recommendation to the Court that Pugh be denied

---

891 ([5]th Cir. 1976). An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is "absolutely destitute" to qualify for indigent status under § 1915. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338–40, 69 S. Ct. 85, 88–89, 93 L. Ed. 43 (1948). Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents. *Id.* at 339, 69 S. Ct. at 89. In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements. *Id.* at 339–40, 69 S. Ct. at 89…The district court must provide a sufficient explanation for its determination on IFP status to allow for meaningful appellate review. *O'Neal v. United States,* 411 F.2d 131, 138 (5th Cir. 1969); *Phipps v. King,* 866 F.2d 824, 825 (6th Cir. 1988); *Besecker v. State of Ill.,* 14 F.3d 309, 310 (7th Cir. 1994) (per curiam).

*Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (per curiam) (footnotes omitted).

leave to proceed IFP in this action, and that this action therefore be dismissed without prejudice *sua sponte* unless Pugh pays the filing fee within the time period for objections to the recommendation. *See Woods v. Dahlberg*, 894 F.2d 187, 187 (6th Cir. 1990) (per curiam) (denial of IFP motion is "the functional equivalent of an involuntary dismissal"); *Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) ("Obviously, if an IFP application is submitted with the complaint in lieu of the filing fee, and the application is thereafter denied, the district court will be free to dismiss the complaint if the fee is not paid within a reasonable time following the denial.").

In light of his *pro se* status, Pugh is advised that "[a]ll persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of … Procedure, unless excused by Court order." S.D. Ala. GenLR 83.5(a). S*ee also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* … litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)). For instance, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by a *pro se* party personally

and provide that party's "address, e-mail address, and telephone number."[5] *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number."). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). *See also* Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts ("The Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.").

Under the Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any change of address … Failure to comply with this Rule may result in sanction, including dismissal of a *pro se* plaintiff's action…" S.D. Ala. GenLR 83.5(b). Additionally, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.

---

[5] Pugh is advised that he must <u>handwrite</u> his signature in order to satisfy Rule 11(a). *See Becker v. Montgomery*, 532 U.S. 757, 763–64, 121 S. Ct. 1801, 149 L. Ed. 2d 983 (2001) ("Becker maintains that typing one's name satisfies the signature requirement and that his original notice of appeal, containing his name typed above "(Counsel of Record)," met Civil Rule 11(a)'s instruction…[H]owever, we are not disposed to extend the meaning of the word 'signed,' as that word appears in Civil Rule 11(a), to permit typed names. As Rule 11(a) is now framed, we read the requirement of a signature to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced).").

The Clerk of Court is **DIRECTED** to administratively reopen this action.

**DONE** and **ORDERED** this the 18th day of November 2022.

<u>/s/ Katherine P. Nelson</u><br>
**KATHERINE P. NELSON**<br>
**UNITED STATES MAGISTRATE JUDGE**