### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **JASON PUGH,** | ) |
| **AIS # 00212315,** | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:22-00322-KD-N |
| | ) |
| **CHRISTOPHER GORDY,** | ) |
| *Correctional Warden III*, | ) |
| *Bibb Correctional Facility*, | ) |
| Respondent. | ) |

### ORDER

As ordered (*see* Doc# 29), the Respondent, through the Office of the Attorney General of the State of Alabama, has timely filed and served an Answer (Doc# 42) to the operative Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc# 5), as supplemented (Docs# 13, 18, 19) filed by Petitioner Jason Pugh, an Alabama prisoner proceeding without counsel (*pro se*). The assigned District Judge has referred the petition and answer to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (9/20/2022 & 7/9/2024 electronic references). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

Under Rule 5(e) of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he petitioner may file a reply to the respondent's answer or other pleading[, and t]he judge must set the time to file unless the time is already set by local rule." As the Court currently has no local rule setting the time for a habeas petitioner to reply, the undersigned hereby sets **JANUARY 24, 2025**, as the deadline for Pugh to file and serve any additional reply to the Respondent's Answer after which Brown's habeas petition will be taken under submission.[1] Except as permitted by S.D. Ala. CivLR 7(f)(3),[2] once the petition is under submission, no further submissions related to the issues raised may be filed unless the proponent first obtains leave of court for good cause shown. The undersigned will then review the parties' submissions under Rules 7 and 8 of the Rules Governing Section 2254 Cases to determine whether expansion of the record and/or an evidentiary hearing is warranted. If an evidentiary hearing is not warranted, a recommendation as to the appropriate disposition of Pugh's petition shall issue in due course.

---

[1] Pugh has already filed numerous motions and notices with the Court since the Answer was filed.

[2] "If pertinent and significant authority comes to a party's notice after the briefs have been filed, but before decision, a party may promptly advise the Court by notice setting forth the citations and stating the reason the authority was not cited in the party's brief. The notice must specifically refer either to a page of the brief(s) already filed or to a point argued orally. The notice may not exceed two (2) pages and must not present a new argument. No response may be filed unless the presiding Judge so authorizes." S.D. Ala. CivLR 7(f)(3).

Because Pugh's habeas petition was filed after April 24, 1996, it is subject to application of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). *E.g.*, *Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1281 (11th Cir. 2012), *cert. denied*, 133 S. Ct. 1625 (2013). "Under AEDPA, if a petitioner's claims have been 'adjudicated on the merits in State court,' a federal court cannot grant habeas relief unless the state court's adjudication of the claims (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' " *Hittson v. GDCP Warden*, 759 F.3d 1210, 1230 (11th Cir. 2014) (quoting 28 U.S.C. § 2254(d)), *cert. denied*, 135 S. Ct. 2126 (2015). "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court. AEDPA requires a state prisoner to show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error beyond any possibility for fairminded disagreement. If this standard is difficult to meet—and it is—that is because it was meant to be. [Federal courts] will not lightly conclude that a State's criminal justice system has experienced the extreme malfunction for which federal habeas relief is the remedy." *Burt v. Titlow*, 571 U.S. 12, 19-20, 134 S. Ct. 10, 16, 187 L. Ed. 2d 348 (2013) (internal citations and quotations omitted).

AEDPA also imposes the following time limit for bringing § 2254 habeas petitions:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). *See also* Rule 3(c) of the Rules Governing Section 2254 Cases in the United States District Courts ("The time for filing a petition is governed by 28 U.S.C. § 2244(d).").

The Respondent asserts that Pugh's petition is time-barred under § 2244(d). If that is found to be the case, Pugh is given notice that certain equitable exceptions may excuse an untimely habeas claim. First,

> the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling. As the Supreme Court has explained, the time period specified in 28 U.S.C. § 2244 is a statute

of limitations, not a jurisdictional bar, and Section 2244 does not bar the application of equitable tolling in an appropriate case. *Holland v. Florida,* 560 U.S. 631, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010).

The Supreme Court [has ]affirmed, however, that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted); *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.' " *Holland,* 130 S. Ct. at 2565 (internal quotation marks and citation omitted). As for the "extraordinary circumstance" prong, [it] require[s] a defendant to show a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See Lawrence v. Florida,* 421 F.3d 1221, 1226–27 (11th Cir. 2005).

*San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011)  (footnote omitted).

Second,

[i]n *McQuiggin*[ *v. Perkins*]*,* the Supreme Court held that a federal habeas petitioner can qualify for an equitable exception to the one-year statute of limitation and obtain federal review of his claims about constitutional errors in his state court proceedings if he satisfies the threshold test established in *Schlup*[ *v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)]. *McQuiggin,* 133 S. Ct. [1924,] 1928[ (2013)]. Under that test, the petitioner must "persuade[ ] the [habeas] court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup,* 513 U.S. at 329, 115 S. Ct. at 868). The test devised in *Schlup* is intended to "ensure[ ] that [the] petitioner's case is truly extraordinary, while still provide

> petitioner a meaningful avenue by which to avoid a manifest injustice." 513 U.S. at 327, 115 S. Ct. at 867 (internal quotation marks and citation omitted). The petitioner must prove that "he is 'actually innocent,' " *id.* at 327, 115 S. Ct. at 867, by producing "new reliable evidence ... not presented at trial," *id.* at 324, 115 S. Ct. at 865, that "raise[s] sufficient doubt about [his] guilt to undermine confidence in the result of the trial," *id.* at 317, 115 S. Ct. at 862.

*Brown v. Sec'y, Fla. Dep't of Corr.*, 580 F. App'x 721, 726–27 (11th Cir. 2014) (per curiam) (unpublished).

In addition to challenging Pugh's petition as untimely, the Respondent also asserts that Pugh failed to exhaust his claims in state court.

> "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *accord Ogle v. Johnson*, 488 F.3d 1364, 1368 (11th Cir. 2007) ("The habeas statute requires applicants to exhaust all available state law remedies before filing a federal habeas petition."); 28 U.S.C § 2254(b)(1)(A). "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court." *Harrington v. Richter*, 562 U.S. 86, 103, 131 S. Ct. 770, 178 L.Ed.2d 624 (2011); *see also Picard v. Connor*, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L.Ed.2d 438 (1971) ("Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies."). "The exhaustion requirement springs from principles of comity, which protect the state court's role in the enforcement of federal law and prevent disruption of state court proceedings." *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010). "Consistent with the purpose of the exhaustion rule, 'state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.' " *Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003) (quoting

> *O'Sullivan*, 526 U.S. at 845, 119 S.Ct. 1728); *accord Ward*, 592 F.3d at 1156 ("[T]o exhaust state remedies, a petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review."). In the context of a habeas proceeding in the Alabama state courts, one complete round of Alabama's established appellate review process means that the claim must be presented on appeal to the Alabama Court of Criminal Appeals and on petition for discretionary review to the Alabama Supreme Court. *See Pruitt*, 348 F.3d at 1359.

*Freeman v. Comm'r, Ala. Dep't of Corr.*, 46 F.4th 1193, 1216–17 (11th Cir. 2022), *cert. denied*, 143 S. Ct. 1785 (2023). "The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine. If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief…" *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). The Respondent asserts that Pugh's petition is procedurally defaulted because he did not subject his claims to one complete round of state court review and is now procedurally barred from doing so.

If this is found to be the case, then

> [a] procedurally defaulted claim can support federal habeas relief in only two narrow situations. First, the petitioner may demonstrate cause and prejudice. Cause exists if there was "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986). Such external impediments include evidence that could not reasonably have been discovered in time to comply with the rule; interference by state officials that made compliance impossible; and ineffective assistance of counsel at a stage where the petitioner had a right to counsel. *Id.* In addition to cause, the petitioner must also show prejudice: that "there is at least a reasonable probability that the result of the

> proceeding would have been different" had the constitutional violation not occurred. *Henderson v. Campbell,* 353 F.3d 880, 892 (11th Cir. 2003).
>
> Even without cause and prejudice, the procedural default of a constitutional claim may be excused if enforcing the default would result in a fundamental miscarriage of justice. This exception applies if the petitioner can show that, in light of new evidence, it is probable that no reasonable juror would have convicted him. *Schlup v. Delo,* 513 U.S. 298, 327, 115 S. Ct. 851, 867, 130 L. Ed. 2d 808 (1995). By making this showing of actual innocence, the petitioner may overcome the procedural default and obtain federal review of the constitutional claim. *Id.*

*Mize v. Hall*, 532 F.3d 1184, 1190 (11th Cir. 2008).

**DONE** and **ORDERED** this the **30th** day of **December 2024**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**